STATE *vs.* BIAGIO FRAGEORGIA.

MARCH 16, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

O'CONNELL, J.  This is a complaint and warrant charging that the defendant on July 15, 1954 "Did knowingly have in his possession a certain slip or certificate such as is used in carrying on, promoting and playing the game commonly known as policy lottery or policy in violation of the provisions of Section 36 of Chapter 612 of the General Laws of 1938 of the State of Rhode Island * * *." Following a trial in the superior court, before a justice thereof sitting with a jury, he was found guilty. Thereafter his motion for a new trial was denied by the trial justice and the defendant duly prosecuted his bill of exceptions to this court. Included therein are exceptions to the denial of his motion to dismiss

the complaint and warrant, to the denial of his motion for a directed verdict, to the denial of certain requests to instruct the jury, to portions of the charge as given, to certain evidentiary rulings made during the course of the trial, and to the refusal of the trial justice to grant defendant's motion for a new trial.

An examination of the transcript shows that, at about 3:15 p.m. on the date alleged in the warrant, a captain and two other members of the Providence police department entered the premises at 159 Putnam street in the city of Providence, where defendant conducted a cleansing establishment under the name of Superior Cleansers. During a search thereof the officers found certain slips or papers in a telephone book in the rear of the store. They then went out to defendant's truck, which was parked nearby, and in the pocket of a pair of trousers which the officers stated defendant admitted to be his they found several other slips. No slips, papers or certificates were found on his person. The officers testified that defendant told them that the slips referred to above, which were admitted in evidence as state's exhibit 4, were customers' numbers referring to garments left with him for cleansing and pressing, but that later at the police station he admitted they were policy slips or numbers. The defendant denied having made such admissions and maintained that these papers referred to customers' garments and were such as he generally used in his business for that purpose.

There is no merit in defendant's exceptions to the denial of his motion to dismiss the complaint and to the refusal of the trial justice to grant his motion for a directed verdict. Both of these motions were dependent for support on the weighing of the testimony and an appraisal of the credibility of the witnesses. At that stage of the proceedings these considerations were wholly within the province of the jury. These two exceptions are overruled.

We have examined the evidentiary and other rulings com-

plained of and in view of our conclusion relative to the denial of defendant's motion for a new trial we find it unnecessary to pass upon such exceptions.

The defendant's exception to the refusal of the trial justice to grant a new trial involves some peculiar features. In his decision which appears to have been made from the bench he approves the verdict of the jury, but apparently not wholly on the basis of the evidence presented to them. In weighing the testimony and appraising their verdict he injected a new element into the record. He stated in part: " * * * but the court is familiar with this case, and the court has interviewed some of the witnesses in the case since then." Such procedure is of course wholly irregular in passing on a motion for a new trial. We have no means of knowing how much value he placed upon the statements of unknown witnesses, which statements are not a part of the record in this case.

Furthermore, although the decision of the trial justice on the motion for a new trial purports to pass upon the credibility of the witnesses, his statements in that regard are considerably weakened when he ends his decision in the following language: "The Attorney General will investigate the case to see if there is sufficient evidence to present to the grand jury, for perjury. That goes both ways, to see if there is any lying in the case, and to see what side it was on." In these circumstances his decision is not entitled to the weight generally accorded thereto where it appears that the trial justice has exercised his independent judgment in accordance with the rules heretofore clearly expressed by this court.

It therefore becomes necessary for us to consider the evidence independently and to determine for ourselves whether it is of sufficient weight to support the verdict. Its persuasive force is greatly weakened in the absence of the unequivocal and independent judgment of the trial justice approving it. From our examination of the transcript alone

the evidence does not appear to us to be sufficient to prove defendant guilty beyond a reasonable doubt. Hence we are of the opinion that justice requires the submission of the case to another jury.

The defendant's exception to the denial of his motion for a new trial is sustained, and the case is remitted to the superior court for a new trial.

*William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for State.

*Anthony Grilli,* for defendant.